Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Kevin C. Kroll (SBN 301532)
kkroll@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, doing business in Illinois as BLUE CROSS AND BLUE SHIELD OF ILLINOIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMAN R. EMMANUEL, M.D., INC. D/B/A ORTHOPEDIC & SPINE INSTITUTE OF LOS ANGELES,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS, an Illinois Corporation; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation; and DOES 1 through 100,<br><br>Defendants | Case No.: 2:20-cv-11798-RGK (Ex)<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER**<br><br>District Judge R. Gary Klausner<br>Magistrate Judge Charles F. Eick |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Upon agreement of the Plaintiff Payman R. Emmanuel, M.D., Inc. dba Orthopedic & Spine Institute of Los Angeles ("Plaintiff") and defendants Health Care Service Corporation, a Mutual Legal Reserve Company, doing Business in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL") and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), and in accordance with the Federal Rules of Civil Procedure, and all applicable Local Rules of the United States District Court, Central District, the Court enters this Stipulated Protective Order:

1. Disclosures and discovery in this action are likely to involve production of confidential, proprietary, or private information, including protected health information, for which protection from public disclosure and use for any purpose other than litigating this action may be warranted. The Parties acknowledge that this Stipulated Protected Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 23 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. The Parties, by and through their respective counsel, have mutually agreed that a Stipulated Protective Order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), is necessary and mutually agree to remain in full compliance with any privacy requirements

imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding in the United States District Court, Central District of California, Case No. 2:20-cv-11798-RGK (Ex). s

b. "Court" means the United States District Court, Central District of California, the Honorable R. Gary Klausner, the Honorable Charles F. Eick, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential" or "Confidential- Attorneys' Eyes Only."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

– 2 –
JOINT STIPULATION AND PROTECTIVE ORDER

h. "Information" means the content of Documents or Testimony or any information that is derived, created, and replicate from Documents or Testimony.

i. "Receiving Party" means the Party who receives Confidential Materials from the Designating Party.

j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

4. This Protective Order shall apply to, and shall govern, all documents, things, discovery responses, and testimony designated by the disclosing party in good faith as constituting or containing confidential information pursuant to this Protective Order. All documents produced in this litigation, whether or not marked as "Confidential" or "Confidential- Attorneys' Eyes Only," shall be used solely for the purposes of this lawsuit and for no other purpose.

5. The Designating Party shall have the right to designate as "Confidential" or "Confidential- Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

6. "Confidential" information means information that falls within one or more of the following categories:

a. Research and development information;

b. Information prohibited from disclosure by statute;

c. Medical information concerning any individual;

d. Personal identity information;

e. Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms);

f. Personnel or employment records of a person who is not a party to the case; or

– 3 –
JOINT STIPULATION AND PROTECTIVE ORDER

    g. Any other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

  7. "Confidential- Attorneys' Eyes Only" information means information that falls within one or more of the following categories:

    a. Trade secrets information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;

    b. Highly sensitive financial, commercial, and marketing information relating to the parties' respective products and/or business activities, including without limitation, contracts and fee schedules with participating providers and analyses reflecting average rates of reimbursement for procedures, and information or analyses reflecting methods used to determine Maximum Reimbursable Charges or Usual and Customary Charges.

  8. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

  9. Any Documents, Testimony or Information to be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "Confidential-Attorneys' Eyes Only" designation. The "Confidential" or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT STIPULATION AND PROTECTIVE ORDER

"Confidential-Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

    a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Confidential-Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

    b.    For Testimony given in depositions the Designating Party may either:

        i.    Identify on the record, before the close of the deposition, all "Confidential" or "Confidential-Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" " or "Confidential- Attorneys' Eyes Only;" or

        ii.    Designate the entirety of the Testimony at the deposition as "Confidential" or "Confidential-Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Confidential-Attorneys' Eyes Only" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Confidential-Attorneys' Eyes Only," as instructed by the Designating Party.

    c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or

JOINT STIPULATION AND PROTECTIVE ORDER

1 "Confidential-Attorneys' Eyes Only." If only portions of the Information or item
2 warrants protection, the Designating Party, to the extent practicable, shall identify the
3 "Confidential" or "Confidential-Attorneys' Eyes Only" portions.

4     10.    The inadvertent production by any of the undersigned Parties or non-
5 Parties to the Proceedings of any Document, Testimony or Information during
6 discovery in this Proceeding without a "Confidential" or "Confidential-Attorneys'
7 Eyes Only" designation, shall be without prejudice to any claim that such item is
8 "Confidential" or "Confidential- Attorneys' Eyes Only" and such Party shall not be
9 held to have waived any rights by such inadvertent production. In the event that any
10 Document, Testimony or Information that is subject to a "Confidential" or
11 "Confidential-Attorneys' Eyes Only" designation is inadvertently produced without
12 such designation, the Party that inadvertently produced the document shall give
13 written notice of such inadvertent production within twenty (20) days of discovery of
14 the inadvertent production, together with a further copy of the subject Document,
15 Testimony or Information designated as "Confidential" or "Confidential-Attorneys'
16 Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent
17 Production Notice, the Party that received the inadvertently produced Document,
18 Testimony or Information shall promptly destroy the inadvertently produced
19 Document, Testimony or Information and all copies thereof, or, at the expense of the
20 producing Party, return such together with all copies of such Document, Testimony or
21 Information to counsel for the producing Party and shall retain only the "Confidential"
22 or "Confidential-Attorneys' Eyes Only" designated Materials. Should the receiving
23 Party choose to destroy such inadvertently produced Document, Testimony or
24 Information, the receiving Party shall notify the producing Party in writing of such
25 destruction within ten (10) days of receipt of written notice of the inadvertent
26 production. In the event that this provision conflicts with any applicable law
27 regarding waiver of confidentiality through the inadvertent production of Documents,
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Testimony or Information, such law shall govern.  Any inadvertent production shall
2  also not constitute a waiver in any other proceeding.

3      11.    The inadvertent production of any Document, Testimony or Information
4  that is subject to any privilege, including the attorney-client privilege and/or attorney
5  work-product doctrine, shall not operate as a waiver of the privilege if the Party that
6  made the inadvertent production provides written notice of such inadvertent
7  production within twenty (20) days of discovery of the inadvertent production.  Upon
8  receipt of notice of the inadvertent production, the Party that received the
9  inadvertently produced Document, Testimony or Information shall promptly destroy
10 the inadvertently produced Document, Testimony or Information and all copies
11 thereof, or, at the expense of the producing Party, return such together with all copies
12 of such Document, Testimony or Information to counsel for the producing Party.
13 Should the receiving Party choose to destroy such inadvertently produced Document,
14 Testimony or Information, the receiving Party shall notify the producing Party in
15 writing of such destruction within ten (10) days of receipt of written notice of the
16 inadvertent production.

17      12.    In the event that counsel for a Party receiving Documents, Testimony or
18 Information in discovery designated as "Confidential" or "Confidential-Attorneys'
19 Eyes Only" objects to such designation with respect to any or all of such items, said
20 counsel shall advise counsel for the Designating Party, in writing, of such objections,
21 the specific Documents, Testimony or Information to which each objection pertains,
22 and the specific reasons and support for such objections (the "Designation
23 Objections"). Counsel for the Designating Party shall have thirty (30) days from
24 receipt of the written Designation Objections to either (a) agree in writing to de-
25 designate Documents, Testimony or Information pursuant to any or all of the
26 Designation Objections and/or (b) file a motion with the Court seeking to uphold any
27 or all designations on Documents, Testimony or Information addressed by the
28

JOINT STIPULATION AND PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Confidential-Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

       13. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

          a. The Court;

          b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

          c. Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems reasonably necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that the Parties agree that such individual are bound by this Stipulation and Protective Order;

          d. Court reporters in this Proceeding and their staff (whether at depositions, hearings, or any other proceeding);

– 8 –
JOINT STIPULATION AND PROTECTIVE ORDER

e. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms and the Party making the disclosure shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

g. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h. Outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

i. Any other person that the Designating Party agrees to in writing;

– 9 –
JOINT STIPULATION AND PROTECTIVE ORDER

j. Any person who was the author, recipient or copy recipient of a document;

k. Any person whom the parties have agreed to use as a mediator in this Proceeding; and

l. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

14. Access to and/or Disclosure of Confidential Materials designated as "Confidential- Attorneys' Eyes Only" shall be permitted only to the following persons:

a. The Court;

b. (1) Attorneys of record in the Proceedings for the Receiving Party only (and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party). Unless the Designating Party expressly provides in writing that another Parties' counsel of record may review materials designated as Confidential- Attorneys' Eyes Only, the Receiving Party's counsel shall not share any such material with any other counsel of record. (2) In-house counsel for the Receiving Party (and the paralegal, clerical and secretarial staff employed by such counsel) as deemed necessary. Each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and

JOINT STIPULATION AND PROTECTIVE ORDER

Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

  c. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

  d. Court reporters in this Proceeding and their staff (whether at depositions, hearings, or any other proceeding);

  e. Any person who was either the author or recipient of the information in question before it was disclosed in the action; and

  f. Any person whom the parties have agreed to use as a mediator in this Proceeding.

 15. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding only, and not for any business or other purpose whatsoever.

 16. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

 17. Disclosed Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

 18. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Confidential-Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Confidential- Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

19. Any new party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy of Exhibit A attached hereto, and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

20. Any Information that may be produced by a non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or "Confidential- Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or non-party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

21. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

22. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

23. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

24. Any party who wishes to file any Confidential Materials, or Information derived from Confidential Materials, with the Court, including deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and the like, unless

otherwise agreed by the parties or ordered by the Court, shall file an Application for leave to file the materials "under seal" pursuant to L.R. 79-5. The parties acknowledge and agree that they are familiar with, or will become familiar with, the provisions of Federal Rules of Civil Procedure Rule 5.2 and L.R. 79-5, as well as any other requirements that exist now or may exist in the future, regarding the sealing of court records, and agree to be bound by its provisions.

25. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order. The use of designated materials at trial shall be governed by the orders of the trial judge.

26. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

27. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

28. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and

1  Protective Order, all work product, and one copy of each pleading filed with the
2  Court), (b) agree with counsel for the Designating Party upon appropriate methods
3  and certification of destruction or other disposition of such Confidential Materials, or
4  (c) as to any Documents, Testimony or other Information not addressed by sub-
5  paragraphs (a) and (b), file a motion seeking a Court order regarding proper
6  preservation of such Materials. To the extent permitted by law the Court shall retain
7  continuing jurisdiction to review and rule upon the motion referred to in sub-
8  paragraph (c) herein.

29. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

30. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

**IT IS SO STIPULATED:**

DATED: May 24, 2021          **REED SMITH LLP**

By   /s/ *Kevin C. Kroll*
     Amir Shlesinger
     Kevin C. Kroll
     Attorneys for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Illinois as Blue Cross and Blue Shield of Illinois

DATED: May 24, 2021          **MORGAN, LEWIS & BOCKIUS, LLP**

By   /s/ *Taylor C. Day*
     Brian M. Jazaeri
     Taylor C. Day
     Brianna Howard
     Attorneys for Defendant State Farm Mutual Automobile Insurance Company

DATED: May 24, 2021          **WILLIAMS LAW FIRM PC**

By   /s/ *Richard D. Williams*
     Richard D. Williams
     Attorneys for Plaintiff Payman R. Emmanuel, M.D. Inc., dba Orthopedic & Spine Institute of Los Angeles

## ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 25, 2021

/s/ CHARLES F. EICK
_____
Hon. Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, United States District Court for the Central District of California Case No. 2:20-cv-11798-RGK (Ex). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such Materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____ , 21__, at _____ .

DATED:                              BY:

_____
Signature

_____
Title

_____
Address – City, State, Zip

_____
Telephone Number

JOINT STIPULATION AND PROTECTIVE ORDER